PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant or Summons for Offender Under Supervision
## (Supersedes Petition Filed as Docket Entry No. 42)

Name of Offender: <u>Harold Dion Gregory</u>  Case Number: <u>3:06-00110</u>

Name of Judicial Officer: <u>Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>June 16, 2008</u>

Original Offense: <u>Felon in Possession of a Firearm</u>

Original Sentence: <u>70 months' imprisonment and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>July 8, 2011</u>

Assistant U.S. Attorney: <u>William Lee Deneke</u>   Defense Attorney: <u>Roger N. Taylor</u>

### PETITIONING THE COURT

■ **To consider the additional violations at his revocation hearing, set for May 24, 2013.**
☐ To issue a Summons.
☐ To issue a Warrant.

### THE COURT ORDERS:
☒ **Consider the additional violations at his upcoming revocation hearing.**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _1st_ day of _May_, 2013, and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Karen L. Webb
U.S. Probation Officer

Place   Columbia, TN

Date   April 24, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime:** On February 14, 2013, in Nashville, Tennessee, Mr. Gregory was arrested for Possession of Cocaine, .5 Grams or More. The complaint indicates Mr. Gregory was the right rear passenger of a vehicle that was stopped for not using a turn signal. The driver of the vehicle consented to a vehicle search. The search resulted in the finding of two small bags of white powder that weighed 5.1 grams and field tested positive for cocaine. The bags were located in the rear cargo area of the vehicle, just behind the rear passenger seat. Mr. Gregory was then searched. On his person was found $100 in small denominations, consistent with street level sales of narcotics. Mr. Gregory denied any knowledge of the narcotics. |

**New violations:**

| | |
|---|---|
| 2. | **The defendant shall participate in a program for anger management as directed by the probation officer:** Mr. Gregory missed his counseling session on March 13, 2013. His treatment at Centerstone was terminated on March 31, 2013, due to his lack of attendance. |
| 3. | **The defendant shall participate in a mental health program as directed by the probation officer:** Mr. Gregory missed his appointments for a psychiatric evaluation on February 27, and again on March 4, 2013. His treatment at Centerstone was terminated on March 31, 2013, due to his lack of attendance. |

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Gregory has been on supervised release since July 8, 2011. He currently lives with his cousin, Latosha Williams and her family, in Nashville. Mr. Gregory receives monthly disability payments. He has been released on bond for his pending drug charge.

The Court was notified in July 2012, when Mr. Gregory pled guilty to an assault charge. He was agreeable to anger management counseling and the Court approved the modification request for counseling and continued his supervised release.

Mr. Gregory reported his contact with police on February 14, 2013, and denies that the drugs were his. He stated he had just gotten into his cousin's, Lamar Taylor's, vehicle before it was stopped by police. Mr. Taylor has also been charged with this drug offense. As for the $100 that Mr. Gregory had on his person, he said this was his money from his monthly disability payment.

**New violation information:** Mr. Gregory participated in counseling at Centerstone, in Madison up until February 13, 2013, when he last attended. All of his drug screens have been negative. On February 13, 2013, Mr. Gregory and his counselor were agreeable to his need for a psychiatric evaluation to determine any medication needs. He subsequently missed both anger management and psychiatric appointments since February 13, 2013. His treatment at Centerstone was terminated on March 31, 2013, due to his lack of attendance.

**Update of Offender Characteristics:**
None.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that the new violations be considered at Mr. Gregory's upcoming revocation hearing. The U.S. Attorney's Office has been advised of the new violation in this petition.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. HAROLD DION GREGORY, CASE NO. 3:06-00110

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) 18 U.S.C. § 3583(e)(2) | 24-30 months | No recommendation |
| **SUPERVISED RELEASE:** | not more than 3 years 18 U.S.C. 3583(h) | 1 to 3 years less any term of imprisonment | No recommendation |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g)(1), the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment, if the defendant possessed a controlled substance. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, pursuant to 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade A violation, the Court shall revoke supervised release, pursuant to § 7B1.3(a)(1).

Respectfully Submitted,

*Karen Webb*
Karen L. Webb
U.S. Probation Office

Approved: *Burton Putman*
W. Burton Putman
Supervisory U.S. Probation Officer