PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Harold Dion Gregory</u>        Case Number: <u>3:06-00110</u>

Name of Sentencing Judicial Officer: <u>Honorable Robert L. Echols, U.S. District Judge</u>

Name of Current Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>June 16, 2008</u>

Original Offense: <u>18 U.S.C.§ 922(g)(1), Felon in Possession of a Firearm</u>

Original Sentence: <u>70 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>        Date Supervision Commenced: <u>July 8, 2011</u>

Assistant U.S. Attorney: <u>William Lee Deneke</u>        Defense Attorney: <u>Roger N. Taylor</u>

---

### PETITIONING THE COURT

_____ To issue a Summons
__X__ To issue a Warrant

---

**THE COURT ORDERS:**

☐ No Action
☒ The Issuance of a Warrant
  ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other

Considered this 20th day of Sept., 2013,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer Specialist

Place        Nashville, TN

Date         September 20, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall be housed at a halfway house for three months.** |

On the night of September 19, 2013, U.S. Probation Officer Kara Sanders was contacted by Diersen Staff and informed Mr. Gregory was pending termination from the facility due to threatening assault and bodily harm to staff.

A hearing was held before Your Honor on May 30, 2013, on the second superseding petition to revoke supervision (document No. 54). Mr. Gregory plead guilty to violations two and three, indicating that he failed to participate in anger management and mental health treatment as directed. The Court accepted the agreement that Mr. Gregory remained on supervised release with the added condition that he be housed at a halfway house, as soon as a space becomes available, for three months of his supervised release.

Mr. Gregory entered Diersen Charities on August 26, 2013, as directed. On September 19, 2013, Mr. Gregory had interaction with assistant director Clinton Bryant. Mr. Bryant was conducting a routine search of the facility and Mr. Gregory was asked to leave the dorm area during the search. Mr. Gregory became verbally aggressive, shouted profanities and made overt violent gestures toward Mr. Bryant. The situation was diffused and then Mr. Gregory threatened to commit suicide, but he had no plan he could articulate to the Diersen staff.

On September 20, 2013, Mr. Gregory contacted U.S. Probation Officer Kara Sanders, via telephone, and stated "I need help." He indicated that no one at Diersen Charities was helping him. He reported he had attended his Centerstone mental health appointment on September 19, 2013, and had a positive session with his therapist. Centerstone also provided him with a refill prescription of his mental health medication. He reported taking his mental health medication as directed, twice a day. As the conversation progressed Mr. Gregory became angry and began using profanity and stated "I just want to go back." Officer Sanders asked him if this meant prison and he said yes. Mr. Gregory then hung up the phone.

| | |
|---|---|
| 2. | **The defendant shall participate in a mental health program as directed by the probation officer:** |

Mr. Gregory has not attended mental health treatment as directed.

Mr. Gregory participated in treatment at Centerstone Mental Health for substance abuse and mental health from March 2012 to February 2013. It

was recommended he participate in a psychiatric evaluation in February 2013, to determine any possible medication needs. He did not follow through with the psychiatric evaluation as recommended and failed to attend any treatment in March 2013. His treatment at Centerstone was terminated due to his lack of attendance.

In June 2013, he was re-instated in treatment with Centerstone Mental Health and was instructed to meet with the therapist weekly. On June 27, 2013, and July 18, 2013, he attended individual mental health treatment. He completed the psychiatric evaluation on July 25, 2013. He was diagnosed with Bi-Polar Disorder, Cannibus Dependence, PTSD and Borderline Intelligence. He was prescribed Trazadone and Tegratol.

On August 6, 2013, he failed to attend mental health treatment. He did call and reschedule for September 19, 2013. He did attend as directed.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Gregory has been on supervised release since July 8, 2011. He has lived with his cousin Latosha Williams and various other family members since his release. Mr. Gregory receives monthly disability payments based on his mental health diagnosis.

In July 2012, the Court was notified Mr. Gregory plead guilty to an assault charge. He was agreeable to anger management counseling and the Court approved the modification request for counseling and continued his supervised release.

In May 2013, the Court was notified Mr. Gregory was charged with possession of cocaine, failure to participate in anger management and failure to participate in mental health treatment. The possession of cocaine charge was dismissed and he plead guilty to the other violations. He was ordered to enter a halfway house, once space was available, for three months.

Mr. Gregory resided with various family members from June 2013 to August 2013. Home contacts were unsuccessful as Mr. Gregory failed to provide an accurate address and he did not respond to telephone messages. He did respond to written correspondence to report to Diersen Charities on August 26, 2013.

**Update on Offender Characteristics:**
As of the writing of this petition, Mr. Gregory remains at Diersen Charities. Diersen staff is planning to terminate him from the facility on September 20, 2013.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued so that Mr. Gregory may appear before Your Honor for a revocation hearing to address the violation behavior.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. HAROLD DION GREGORY, CASE 3:06-00110

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 6-12 Months U.S.S.G §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:**
Upon a finding of a Grade C violation, the Court may revoke supervised release, extend the term of supervised release and/or modify the conditions of supervision, U.S.S.G § 7B1.3(a)(2).

Respectfully submitted,

Kara Sanders
U.S. Probation Officer Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Gregory Mitchell Hill

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:10CR00304 - 3

3. **District/Office** Middle District of TN

4. **Original Sentence Date** 6 / 16 / 2008
                                          month   day   year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | shall reside in a half way house | c |
   | shall participate in mental health treatment. | c |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    c

9. **Criminal History Category** *(see §7B1.4(a))*    IV

10. **Range of Imprisonment** *(see §7B1.4(a))*    6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Gregory Mitchell Hill

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____     Community Confinement _____
Fine($)        _____     Home Detention          _____
Other          _____     Intermittent Confinement _____

13. **Supervised Release**
If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from   1-3 years _____
imprisonment:

14. **Departure**
List aggravating and mitigating factors that may warrant a
sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002